Kelly Ann Bird, Esq.
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey  07102-5310
(973) 596-4881
(973) 639-6372 (fax)
kbird@gibbonslaw.com
*Attorneys for Defendants*
*Rider University, Healy, Jacobs,*
*Klim, Jarvis, Maidens, Meer, Soto*
*and Disbrow*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ERIN MONTGOMERY and FRED MONTGOMERY,<br><br>    Plaintiffs,<br><br>    v.<br><br>RIDER UNIVERSITY, et al.,<br><br>    Defendants. | Civil Action No. 3:15-cv-01840-FLW-DEA<br><br>*Document Electronically Filed*<br><br><br>**DEFENDANTS RIDER UNIVERSITY, ILYNDOVE HEALY, BARBARA JACOBS, KARIN KLIM, ANDREA JARVIS, LIZA CALISESI MAIDENS, JONATHAN MEER, ROBERT STOTO, AND DONNA DISBROW'S ANSWER TO THE FIRST AMENDED CIVIL ACTION COMPLAINT WITH <u>AFFIRMATIVE DEFENSES</u>** |

Defendants Rider University, Ilyndove Healy, Barbara Jacobs, Karin Klim (improperly pled as "Karen Seidel-Klim"), Andrea Jarvis (improperly pled as "Andrea Neale"), Liza Calisesi Maidens (improperly pled as "Liza Calisesi"), Jonathan Meer, Robert Stoto, and Donna Disbrow (hereinafter collectively "Answering Defendants"), by and through their undersigned attorneys, Gibbons P.C., answer Plaintiffs' First Amended Civil Action Complaint as follows:

**I.     Jurisdiction and Venue**

1.     The allegations contained in paragraph 1 of the Complaint constitute conclusions of law which the Answering Defendants neither admit nor deny.

2.     The allegations contained in paragraph 2 of the Complaint constitute conclusions of law which the Answering Defendants neither admit nor deny.

3.     The allegations contained in paragraph 3 of the Complaint constitute conclusions of law which the Answering Defendants neither admit nor deny.

**II.    Parties**

4.     Upon information and belief, the Answering Defendants admit that Plaintiffs are married adults residing at 19735 Clubhouse Drive, 2-230, Parker, CO 80318.

5.     Answering Defendants admit that Ilyndove Healy (hereinafter "Healy") is a former employee of Rider University, and was, for a period of time, Plaintiff Erin Montgomery's direct supervisor.  The remaining allegations contained in paragraph 5 of the Complaint constitute conclusions of law which the Answering Defendants neither admit nor deny.

6.     Answering Defendants admit that Barbara Jacobs (hereinafter "Jacobs") is an employee of Rider University, and was, for a period of time, Plaintiff Erin Montgomery's direct supervisor.  The remaining allegations contained in paragraph 6 of the Complaint constitute conclusions of law which the Answering Defendants neither admit nor deny.

7.     Answering Defendants admit that Karin Klim (hereinafter "Klim") is an employee of Rider University.  Klim is employed as the Assistant Vice President for Development, the department in which Erin Montgomery worked, but was never Erin Montgomery's direct supervisor.  The remaining allegations contained in paragraph 7 of the Complaint constitute conclusions of law which the Answering Defendants neither admit nor deny.

8.     Answering Defendants admit that Andrea Neale Jarvis (hereinafter "Jarvis") is an employee of Rider University. While Jarvis was a part of the group that Montgomery supported, Jarvis was never Erin Montgomery's direct supervisor. The remaining allegations contained in paragraph 8 of the Complaint constitute conclusions of law which the Answering Defendants neither admit nor deny.

9.     Answering Defendants admit that Liza Calisesi Maidens (hereinafter "Maidens") is an employee of Rider University. While Maidens was a part of the group that Erin Montgomery supported, Maidens was never Erin Montgomery's direct supervisor. The remaining allegations contained in paragraph 9 of the Complaint constitute conclusions of law which the Answering Defendants neither admit nor deny.

10.    Answering Defendants admit that Jonathan Meer (hereinafter "Meer") is an employee of Rider University. While Meer is employed as the Vice President, University Advancement, which the Development office is a part of, he was never Erin Montgomery's direct supervisor. The remaining allegations contained in paragraph 10 of the Complaint constitute conclusions of law which the Answering Defendants neither admit nor deny.

11.    Answering Defendants admit that Robert Stoto (hereinafter "Stoto") is an employee of Rider University. The remaining allegations contained in paragraph 11 of the Complaint constitute conclusions of law which the Answering Defendants neither admit nor deny.

12.    Answering Defendants admit that Donna Disbrow (hereinafter "Disbrow") is an employee of Rider University. The remaining allegations contained in paragraph 12 of the Complaint constitute conclusions of law which the Answering Defendants neither admit nor deny.

13. Upon information and belief, the Answering Defendants admit that Defendant Rugg is an individual doing business with AFSCME.

14. Upon information and belief, the Answering Defendants admit that Defendant McLaughlin is an individual doing business with AFSCME.

15. The allegations contained in paragraph 15 of the Complaint are vague and ambiguous.

### III. Operative Facts

16. Except for Maidens and Jarvis, who lack knowledge or information sufficient to admit or deny the allegations contained in paragraph 16, the Answering Defendants admit the allegations contained in paragraph 16 of the Complaint.

17. Except for Maidens and Jarvis, who lack knowledge or information sufficient to admit or deny the allegations contained in paragraph 17, the Answering Defendants admit the allegations contained in paragraph 17 of the Complaint.

18. Defendant Healy denies the allegations contained in paragraph 18 of the Complaint as stated, except to state that she gave Plaintiff Erin Montgomery contact information for her own doctor. The remaining Answering Defendants lack knowledge or information sufficient to admit or deny the allegations contained in paragraph 18.

19. Answering Defendants lack knowledge or information sufficient to admit or deny that Erin Montgomery was diagnosed with ADHD in May 2012, but deny that Dr. Szteinbaum informed them of any diagnosis.

20. Answering Defendants deny the allegations contained in paragraph 20 of the Complaint as stated.

21. Except to admit that Jacobs completed Erin Montgomery's annual review in 2013, Defendants state that the annual review referenced in paragraph 21 of the Complaint is a document, the content of which speaks for itself.

22. Answering Defendants admit the allegations contained in paragraph 22 of the Complaint.

23. Answering Defendants lack specific knowledge regarding what Erin Montgomery learned about but deny the remaining allegations contained in paragraph 23 of the Complaint as stated.

24. Defendant Healy denies the allegations contained in paragraph 24 of the Complaint. The remaining Answering Defendants lack knowledge or information sufficient to admit or deny the allegations contained in paragraph 24.

25. Except to admit that Erin Montgomery began supporting the Annual Giving team, Defendants Maidens and Jarvis lack knowledge or information sufficient to admit or deny the allegations contained in paragraph 25 of the Complaint. Except to state that Erin Montgomery began supporting the Annual Giving team, the remaining Answering Defendants deny the allegations contained in paragraph 25 of the Complaint.

26. Answering Defendants deny the allegations contained in paragraph 26 of the Complaint.

27. Defendants Rider, Meer, Stoto, and Disbrow admit that Erin Montgomery sent an email dated February 19, 2014 to Meer, the content of which speaks for itself. Answering Defendants otherwise deny the allegations contained in the first two sentences of paragraph 27 of the Complaint to the extent "complained" implies any formal complaint to which there was any

obligation to respond. Answering Defendants deny the allegations contained in the third sentence of paragraph 27.

28. Answering Defendants deny the allegations contained in the first sentence of paragraph 28 of the Complaint. Rider's records reflect that Goehrig is currently 30 years old and has no record of a disability.

29. Answering Defendants deny the allegations contained in the first sentence of paragraph 29 of the Complaint. Defendant Healy denies the allegations contained in the second sentence of paragraph 29 as stated.

30. Defendant Healy admits that she required Erin Montgomery to remain in her existing workspace, but states that she arranged for Erin Montgomery's workspace to be reconfigured. The Answering Defendants deny that the workspace previously occupied by Goehrig was less busy or noisy than Erin Montgomery's workspace.

31. Except to admit that a new employee sits in the workspace once occupied by Goehrig, the Answering Defendants deny that Healy allowed a privacy wall to be built and lack sufficient knowledge or information regarding the volume of foot traffic directed toward Erin Montgomery's desk.

32. Answering Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33. Defendants Klim and Healy deny the allegations contained in Paragraph 33 of the Complaint as stated and state that on or about October 8, 2013 Erin Montgomery requested – *via* email to Klim and Healy – to be relocated to a different workspace and that the content of the email speaks for itself. Klim and Healy admit that Erin Montgomery was not relocated but deny the remaining allegations contained in the second sentence of paragraph 33.

34. Defendant Healy denies the allegations contained in Paragraph 34 of the Complaint.

35. Except to state that she met with Plaintiff Erin Montgomery on January 31, 2014 to discuss her performance, including budgets, and that Diane Carter was present for part of the meeting, Defendant Healy denies the allegations contained in paragraph 35 as stated.

36. Defendants Klim and Disbrow admit that Plaintiff's initial request for five weeks of vacation time was denied and that Plaintiff commenced a leave of absence, but deny the remaining allegations contained in paragraph 36 of the Complaint. Except to admit that Erin Montgomery commenced a leave of absence, the remaining Answering Defendants lack knowledge or information sufficient to admit or deny the allegations contained in paragraph 36 of the Complaint.

37. Answering Defendants admit that Healy is no longer employed by Rider University.

38. Answering Defendants lack knowledge or information sufficient to admit or deny the allegations contained in paragraph 38 of the Complaint and leave Plaintiffs to their proofs.

39. Defendants Stoto and Disbrow admit that they briefly discussed the grievance documents improperly submitted by Erin Montgomery with Defendants Rugg and McLaughlin but lack knowledge or information regarding what Plaintiff discovered or knew. The remaining Answering Defendants lack knowledge or information sufficient to admit or deny the allegations contained in paragraph 39 of the Complaint.

40. The letter referenced in paragraph 40 of the Complaint is a document, the content of which speaks for itself.

41.     The correspondence implicitly referenced in paragraph 41 of the Complaint (presumably referring back to the letter in paragraph 40) is a document, the content of which speaks for itself.

42.     Answering Defendants lack knowledge or information sufficient to admit or deny how Plaintiff felt but deny that Stoto acted in a way that was intimidating or threatening. Answering Defendants admit that Plaintiff has not returned to work to date.

43.     Answering Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44.     Answering Defendants deny the allegations contained in Paragraph 44 of the Complaint.

## COUNT I

45.     Answering Defendants repeat their responses to the foregoing allegations of the Complaint as if set forth at length here.

46.     Answering Defendants deny the allegations contained in Paragraph 46 of the Complaint.

47.     Answering Defendants deny the allegations contained in Paragraph 47 of the Complaint.

48.     Answering Defendants deny the allegations contained in Paragraph 48 of the Complaint.

## COUNT II

49.     Answering Defendants repeat their responses to the foregoing allegations of the Complaint as if set forth at length here.

50. Answering Defendants deny the allegations contained in Paragraph 50 of the Complaint.

51. Answering Defendants deny the allegations contained in Paragraph 51 of the Complaint.

## COUNT III

52. Answering Defendants repeat their responses to the foregoing allegations of the Complaint as if set forth at length here.

53. Answering Defendants deny the allegations contained in Paragraph 53 of the Complaint.

54. Answering Defendants deny the allegations contained in Paragraph 54 of the Complaint.

## COUNT IV

55. Answering Defendants repeat their responses to the foregoing allegations of the Complaint as if set forth at length here.

56. Answering Defendants deny the allegations contained in Paragraph 57 of the Complaint.

57. Answering Defendants deny the allegations contained in Paragraph 58 of the Complaint.

WHEREFORE Answering Defendants demand entry of judgment in their favor and against Plaintiffs, dismissing with prejudice Plaintiffs' Civil Action Complaint and awarding attorneys' fees, interest, costs of suit, and such further relief as the Court deems just and proper in favor of Answering Defendants and against Plaintiffs.

Dated: May 7, 2015 **GIBBONS P.C.**

BY: s/ *Kelly Ann Bird*
Kelly Ann Bird
One Gateway Center
Newark, NJ 07102
(973) 596-4881
(973) 639-6372 (fax)
kbird@gibbonslaw.com
*Attorneys for Defendants Rider University, Healy, Jacobs, Klim, Jarvis, Maidens, Meer, Stoto, and Disbrow*

## **AFFIRMATIVE DEFENSES**

Without admitting any facts alleged by Plaintiffs, the Answering Defendants plead the following separate and affirmative defenses:

1. Plaintiffs fail, in whole or in part, to state a claim or claims upon which relief may be granted, or upon which the relief sought can be awarded.

2. Plaintiffs' claims are or may be barred, in whole or in part, by the applicable statute of limitations.

3. Plaintiffs' claims and requested relief may be barred, in whole or in part, by application of the doctrines of unclean hands, laches, waiver, estoppel and/or setoff.

4. To the extent Plaintiff Erin Montgomery has sustained any physical or emotional injury or distress, damages for same are barred, either in whole or in part, by the exclusivity provision of the Workers' Compensation Act.

5. Plaintiff Erin Montgomery's claims are barred by Plaintiff's failure to take advantage of available preventative or corrective opportunities provided by Rider University.

6. Plaintiff Erin Montgomery's claims are barred by Plaintiff's failure to exhaust available internal administrative remedies.

7. None of the actions of the Answering Defendants were motivated by Plaintiff's alleged disability.

8. None of the actions of the Answering Defendants were motivated by retaliation.

9. No tangible employment action was taken affecting Plaintiff Erin Montgomery.

10. Plaintiff is not a qualified individual with a disability within the meaning of the law.

11. Plaintiff did not request a reasonable accommodation.

12. The Answering Defendants' actions with regard to Plaintiff were at all times motivated by legitimate, non-retaliatory, non-discriminatory business reasons.

13. None of the Answering Defendants violated any duty owed to Plaintiffs.

14. At all pertinent times, the Answering Defendants acted in good faith, in an appropriate, businesslike and commercially reasonable manner, and without malice or intent to injure Plaintiffs.

15. Any loss or damage allegedly sustained by Plaintiffs was occasioned by the acts or omissions of Plaintiffs.

16. Plaintiffs have suffered no cognizable damage or injury under the laws of the United States of America or State of New Jersey.

17. Plaintiffs are not entitled to compensatory or punitive damages.

18. The relief Plaintiffs seek is or may be barred by the after-acquired evidence doctrine.

Answering Defendants reserve the right to assert additional affirmative defenses as they become known through ongoing investigation or discovery, and hereby reserve the right to amend their Answer and Affirmative Defenses to assert any such defense.

**WHEREFORE**, Answering Defendants respectfully requests the Court deny Plaintiffs' First Amended Civil Action Complaint, enter judgment in favor of Answering Defendants, award Answering Defendants their fees and costs, and any further relief this Court deems just and proper.

                        **GIBBONS P.C.**

              BY: s/ *Kelly Ann Bird*
                    Kelly Ann Bird
                    One Gateway Center
                    Newark, NJ 07102
                    (973) 596-4881
                    (973) 639-6372 (fax)
                    kbird@gibbonslaw.co
                    *Attorneys for Defendants Rider University, Healy, Jacobs, Klim, Jarvis, Maidens, Meer, Stoto, and Disbrow*

DATED: May 7, 2015