UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Erin Montgomery, et al. : | |
| : | NO.:   15-01840 |
| Plaintiffs, : | |
| v. : | Initial Scheduling Conference: |
| : | May 18, 2015 |
| Rider University, et al. : | |
| : | |
| Defendants. : | **JURY TRIAL DEMANDED** |

## JOINT RULE 26(f) REPORT

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties conferred on February 13, 2014 and May 6, 2015, and submit the following report of their meeting for the court's consideration:

1. Nature of Claims, Defenses, and Relevant Issues:

Plaintiff Erin Montgomery has sued her former employer, Defendant Rider University, and her alleged former supervisors, claiming that she was discriminated against and harassed at work because of her disability, required leave and was not able to return to work. Plaintiff asserts claims against Defendants under the Americans with Disabilities Act ("ADA"), 42 U.S.C.A. § 12101, *et seq.*, under 42 U.S.C.A. § 2000 E-3(A) for retaliation, and under the New Jersey Law Against Discrimination 10:5-12. Defendants Rider University and individually named employees and former employees deny the merits of Plaintiffs' claims.

2. Informal Disclosures

Rule 26(a)(1)(A) initial disclosures were served by Defendants Rider University, Healy, Jacobs, Klim, Maidens, Jarvis, Meer, Stoto and Disbrow on February 9, 2015. Documents will be served prior to the Initial Conference. Plaintiffs served their initial disclosures on April 17, 2015.

3. Formal Discovery

The parties intend to proceed with fact discovery. The parties propose a fact discovery deadline of October 15, 2015.

Depositions: The parties agree to allow ten depositions lasting seven hours each, per side. At the time of this report, Plaintiff intends to take Defendants' depositions and will

provide Defendants with a list of additional parties at a later date. Defendants will depose Plaintiffs and any witnesses regarding the incident and other witnesses who have not yet been identified as well as parties with knowledge.

Interrogatories: The parties agree to the standard 25 per side as allowed for by the Federal Rules of Civil Procedure.

Requests for Production of Documents: The parties agree to the standard allowed for by the Federal Rules of Civil Procedure.

Requests for Admissions: The parties agree to the standard allowed for by the Federal Rules of Civil Procedure.

Confidentiality Agreement: Plaintiffs intend to seek discovery of information regarding other specific employees and, therefore, the parties confer and agree to a Confidentiality Agreement to govern discovery of sensitive materials in this case.

Accidental Disclosure of Privileged Materials: The parties agreed to the following:

Inadvertent production of information that a Source later claims should not have been produced because of a privilege, including the attorney-client privilege or work product doctrine ("Inadvertently Produced Privileged Document") will not be deemed to waive any privilege. Upon discovery by a Source that it has produced an Inadvertently Produced Privileged Document, the Source will promptly notify all other parties of such inadvertent production in writing. A Source may request the return of any Inadvertently Produced Privileged Document by identifying the information inadvertently produced and stating the basis for withholding such information from production. If a Source requests the return, pursuant to this paragraph, of any Inadvertently Produced Privileged Document then in the custody of another party or non-party, the possessing party will—within three business days—return to the requesting party or non-party the Inadvertently Produced Privileged Document (and all copies) and will expunge from any other document or material, information reflecting the contents of the Inadvertently Produced Privileged Document. The party returning such material may then move the Court for an order compelling production of the material, but the inadvertent production will not constitute a waiver of any privilege, and the party to whom the Inadvertently Produced Privileged Document was produced will not argue to the Court that the Inadvertently Produced Privileged Document should be produced based solely on the inadvertent production.

The parties ask that the Court incorporate this agreement into an order.

4.   Electronic Discovery

The parties do not anticipate significant discovery of electronically stored information in this case. As a result, the parties agree that, absent exceptional circumstances, they will refrain from propounding discovery requests for electronically stored information that is

not reasonably accessible. Additionally, the parties agree that all electronically stored information will be produced in paper format or as an image file (e.g. PDF or TIFF). Absent compelling reasons relating to a specific document, the parties will not seek discovery regarding metadata.

5. <u>Expert Witness Disclosures</u>

Expert Discovery to be completed 30 days after fact discovery.

6. <u>Early Settlement or Resolution</u>

Plaintiffs have not yet provided a settlement demand to Defendants.

7. <u>Trial</u>

The parties request that trial be scheduled following dispositive motions' adjudication. Plaintiffs have demanded a jury trial. The parties anticipate that the trial will last three (3) days.

8. <u>Other Matters</u>

The parties agree to the following schedule relating to the filing and briefing of dispositive motions:

    a. Any motion for summary judgment must be filed, along with a supporting brief, no later than November 15, 2015;

The parties also agree to join other parties and amend the pleadings within 90 days of Your Honor filing his Rule 16 Scheduling Order.

RESPECTFULLY SUBMITTED:

DATE: May 11, 2015

                                                         **WEISBERG LAW**

                                                         <u>/s/ Matthew B. Weisberg</u>
                                                         Matthew B. Weisberg, Esq.
                                                         Chad Gordon, Esq.
                                                         7 South Morton Avenue
                                                         Morton, PA 19070
                                                         Counsel for Plaintiffs

/s/ Kelly Ann Bird
Kelly Ann Bird, Esq.
Gibbons P.C.
One Gateway Center
Newark, NJ 07102
Counsel for Defendants
Rider University, Healy,
Jacobs, Klim, Jarvis,
Maidens, Meer, Stoto, and
Disbrow

#2210130 v1
112944-87914